# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:08-cr-00129-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RICKY NELSON WALKER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to amend the Judgment and modify the Defendant's obligation to pay his court-appointed counsel fee. [Doc. 44].

The Defendant was convicted of one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). [Doc. 19]. He was sentenced in June 2009 to a term of 151 months' imprisonment and three years of supervised release and was ordered to pay his court-appointed counsel fees. [Id.].

The Defendant now moves for the Court to modify his obligation to pay his court-appointed counsel fees. [Doc. 44].

The Defendant does not cite to any authority by which the Court can now modify the requirement to reimburse the court-appointed fees, and the

Court is not aware of any such authority.  While the Court may modify a fine

or special assessment based on a showing that reasonable efforts to collect

are not likely to be effective, see 18 U.S.C. § 3573, a motion pursuant to §

3573 must be filed by the Government, see United States v. Roper, 462 F.3d

336, 341 (4th Cir. 2006) (holding that court may not remit without motion of

government).    Further, while the Fourth Circuit has held that a

reimbursement determination must be premised upon a finding of "specific

funds, assets, or asset streams" available to the defendant, United States v.

Moore, 666 F.3d 313, 322 (4th Cir. 2012), the Court is not aware of any case

applying the requirements of Moore retroactively.

Even if there were an avenue by which the Court could afford relief,

the Defendant has not provided a financial affidavit from which the Court

could determine whether modification of the monthly payment amount would

even be warranted in this case.

For the foregoing reasons, the Court finds that the defendant has not

established that he is entitled to relief.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 44],

which the Court construes as a motion to amend the Judgment and modify

the Defendant's obligation to pay his court-appointed counsel fees, is

**DENIED.**

    **IT IS SO ORDERED.**

Signed: July 9, 2021

Martin Reidinger
Chief United States District Judge